Susan A. Lawless, Esq.
Attorney Id. No. 026301994
***FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TAYLOR, LLC***
60 West Broad Street, Ste 201
Bethlehem, PA 18018
Telephone: (610) 791-7900 Ext. 1129
Cell: (908) 963-6085
Facsimile: (610) 691-0841
Email: Slawless@floriolaw.com
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUNTUITY SOLAR, LLC<br><br>Plaintiff,<br><br>vs.<br><br>AMANDA ROSEBURG,<br><br>Defendant | **AMANDA ROSEBURG'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SUNTUITY'S FRAUD CLAIMS**<br><br>Civil No.: 3:21-cv-17801-MAS-TJB |

Defendant Amanda Roseburg ("Roseburg"), by and through counsel of record, hereby moves to dismiss those Causes of Action 1-4 contained in the Complaint in the underlying case, filed by Suntuity Solar, LLC, ("Suntuity") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## RELIEF REQUESTED AND GROUNDS FOR RELIEF

Under the Federal Rules of Civil Procedure, when pleading special matters, including claims of fraud, mistake or condition of mind, Fed. R. Civ. P. 9(b) requires that the complaint "state with particularity the circumstances constituting fraud or mistake." In the Complaint, the

first four causes of action raised by Suntuity require this heightened pleading standard. Those claims are: 1) Legal and equitable fraud; 2) Violation of New Jersey Securities Act; 3) Violation of Utah Uniform Securities Act; and 4) Fraudulent non-disclosure. The Complaint falls woefully short of reaching that burden as it fails to describe any particulars of any alleged misrepresentations of Roseburg[1]. Instead, it contains only hollow representations that were allegedly made by both Roseburg or her sister Abby Buchmiller ("Buchmiller"), without identifying the requisite time, place, and contents of the alleged false representation. Accordingly, the Complaint is deficient on its face, and consequently fails to state of claim against defendant upon which relief may be granted such that Causes of Action 1-4 must be dismissed.

## ARGUMENT

**SUNTUITY'S CAUSES OF ACTION 1-4 FAIL TO STATE A CLAIM BECAUSE SUNTUITY HAS NOT ALLEGED SUFFICIENT FACTS TO MEET THE HEIGHTENED PLEADING STANDARD FOR FRAUD.**

Rule 9(b) of the Federal Rules of Civil Procedure, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[2] The purpose of this rule is to give defendants "notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements."[3] In order to give the defendant this additional notice, the complaint should

---

[1] Plaintiff's Complaint is contained within the Notice of Removal, dated September 29, 2021, ECF No. 1.
[2] Fed. R. Civ. P. 9(b)
[3] *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1418 (3d Cir.1997).

contain the date, time, place and means of the alleged fraud, or otherwise give some precision or measure of the substantiation into the allegation of fraud.

In this case, Suntuity's first four causes of action require the aforementioned heightened pleading standard. The first and fourth causes of action are for legal and equitable fraud, and fraudulent non-disclosure, which on their face are fraudulent claims, and therefore require particulars of the fraud. While the other two causes of action are for violations of New Jersey and Utah Securities Acts, they are nonetheless based in fraud and, therefore, require the same heightened pleading standard.

**1. SUNTUITY'S CLAIM FOR LEGAL AND EQUITABLE FRAUD IS NOT PLEADED WITH SUFFICIENT SPECIFICITY.**

In order to survive a motion to dismiss an allegation of fraud, a plaintiff must plead the following elements with particularity: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage. [4]

In the Complaint, Suntuity alleges only a few misrepresentations purportedly made by Roseburg. Specifically, the Complaint alleges:

**1.** Abby Buchmiller and Roseburg represented to Suntuity that Empire was a growing business, with significant revenue and profitability, with short-term liquidity needs to support its continued growth. Abby Buchmiller and Roseburg Specifically stated that

[4] *In re Suprema Specialties, Inc. Securities Litigation*, C.A.3 (N.J.) 2006, 438 F.3d 256.

Empire generated over $230 million in revenue and close to $4 million in net profits in 2020. [5]

**2.** Abby Buchmiller and Roseburg assured Suntuity that it would i) provide Suntuity with expedited due diligence; ii) use Suntuity's funds to support Empire's turnaround, and iii) personally support Suntuity's efforts to grow Empire. [6]

**3.** Abby Buchmiller and Roseburg assured Suntuity that they had access to all material information and that they had disclosed all of Empire's material liabilities. [7]

Notably absent from these statements are the dates of the alleged misrepresentations, the recipient of the alleged misrepresentations, the means by which these alleged misrepresentations were made, and what was actually said by each of the individual defendants. Instead, Suntuity only provides vague and conclusory statements without providing the requisite context to allow Roseburg sufficient notice to defend herself. Such particularly is not only fundamental to the cause of action, its importance here is heightened because Roseburg's sister, and co-owner of Empire, Buchmiller is not a party to this case. The Complaint is against Roseburg but casts Buchmiller as a primary communicator between Empire and Suntuity during the negotiation process.

Without specifics of date, time, and place, or some other precision of this basic information of the alleged fraud, the Complaint fails to state a claim upon which relief can be granted. Accordingly, Suntuity's First Cause of Action must be dismissed.

[5] See Complaint at ¶ 5, and also stated in ¶ 32.
[6] See Complaint at 7.
[7] See Complaint at ¶ 8, also stated in ¶ 46.

2. **SUNTUITY'S CLAIM THAT ROSEBURG VIOLATED NEW JERSEY UNIFORM SECURITIES ACT, N.J. STAT § 49:3-71 IS NOT PLEADED WITH PARTICULARITY.**

Under N.J. Stat. § 49:3-71, and as described in the Complaint, the New Jersey Uniform Securities law makes it unlawful for any person to offer or sell securities by means of any untrue statement of material fact. [8] These claims, as they are based in fraud, requires plaintiff to comply with Fed. R. Civ. P. 9(b). Plaintiff must plead the claimed circumstances of fraud with particularity. [9]

In the Complaint, Suntuity relies on the same allegations identified above as the allegedly untrue statements of material fact. For the same reasons identified above, these allegations are not pleaded with the required particularity. Accordingly, Suntuity's Second Cause of Action must be dismissed.

3. **SUNTUITY'S CLAIM THAT ROSEBURG VIOLATED UTAH SECURITIES ACT, UTAH CODE ANN. § 61:1-1 WAS NOT PLEADED WITH PARTICULARITY.**

Under Utah Code Ann. § 61-1-1, and as pleaded in the Complaint, it is unlawful for any person to offer to sell a security by any means of any untrue statement of material fact or to omit to state a material fact. [10] As this claim also deals directly with fraud or mistake, Fed. R. Civ. P. 9(b) is applicable and requires a level of specificity not found in the Complaint. [11]

---

[8] Se N.J. Stat. § 49:3-71(2)

[9] See, *Prager v. Knight Trading Group, Inc.*, D.N.J.2001, 250 F.Supp.2d 412 (explaining "fraud" claims under the securities act must comply with the rule requiring circumstances of fraud to be pleaded with particularity.

[10] See, Under Utah Code Ann. § 61-1-1(2).

[11] *Oppenheimer v. Novell, Inc.*, D.Utah 1994, 851 F.Supp. 412 (explaining that in order to comply with pleading rule requiring that circumstances constituting fraud or mistake be pleaded with particularity, securities fraud plaintiffs, at the very least, must plead facts which, if proven,

In the Complaint, Suntuity relies on the same allegations identified above as the allegedly untrue statements of material fact. For those reasons identified above, these allegations are not pleaded with the required particularity. Accordingly, Suntuity's Third Cause of Action must be dismissed.

## 4. SUNTUITY'S CLAIM OF FRAUDULENT NON-DISCLOSURE AGAINST ROSEBURG IS NOT PLEADED WITH PARTICULARITY.

Under New Jersey law, fraudulent concealment/non-disclosure has five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages."[12] "The '[d]eliberate suppression of a material fact that should be disclosed' is viewed as 'equivalent to a material misrepresentation (i.e., an affirmative misrepresentation),' which will support a common law fraud action."[13]

In the Complaint, Suntuity relies on the same allegations identified above as the allegedly untrue statements of material fact. Further, Suntuity alleges that by failing to disclose certain aspects of Empire's financials, that Roseburg was fraudulent with her non-disclosures. However, there are no specifics given as to when requests for financials were made, who provided the financial information, where and in what context the communications occurred, or any specifics regarding the contents of the communications that are alleged to have occurred that could support

---

would logically support inference that defendant intentionally deceived them; otherwise, plaintiffs could allege fraud simply by making conclusory assertions about defendant's state of mind.

[12] See, *Arcand v. Brother Intern. Corp.*, 673 F.Supp.2d 282, 305 (D.N.J.2009) (quoting *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610, 691 A.2d 350 (1997)

[13] *Id.* (quoting *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 139, 834 A.2d 1037 (App.Div.2003)).

Suntuity' claim against Roseburg. As there are no specifics about the alleged misrepresentations or communications concerning the alleged requested disclosures, Suntuity's Fourth Cause of Action must be dismissed.

## CONCLUSION

For the reasons set forth above, Suntuity's fraud claims are not adequately pleaded and fail to state a claim upon which relief could be granted. Accordingly, the Court should grant this motion and dismiss Causes of Action 1-4 as alleged in the Complaint.

DATED this 14th day of October, 2021.

FLORIO PERRUCCI STEINHARDT
CAPPELLI TIPTON & TAYLOR, LLC

*/s/ Susan Lawless*

Susan Lawless
*Attorneys for Defendant and Counterclaimant*
*Amanda Roseburg*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2021, a true and correct copy of the foregoing **AMANDA ROSEBURG'S NOTICE OF MOTION TO DISMISS SUNTUITY'S FRAUD CLAIMS WITH MEMORANDUM OF LAW IN SUPPORT THEREOF AND PROPOSED FORM OF ORDER** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Jason C. Spiro | [ ] | U.S. Mail, Postage Prepaid |
| Thomas M. Kenny | [ ] | Hand Delivered |
| SPIRO \| HARRISON | [X] | Overnight Mail |
| 830 Morris Turnpike, 2nd Floor | [ ] | Facsimile |
| Short Hills, NJ 07078 | [X] | CM/ECF |
| jspiro@spiroharrison.com | | |
| tkenny@spiroharrison.com | | |
| *Attorneys for Plaintiff* | | |

*/s/ Susan Lawless, Esq.*